UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHUNG MU SON,                        :
                                     :
        Plaintiff,                   :
                                     :
    v.                               : Civil Action No. 05-2318 (JR)
                                     :
YOUNG SAM KIM,                       :
                                     :
        Defendant.                   :

**MEMORANDUM**

Plaintiff is a resident of Virginia.  He sues a resident of South Korea, invoking the Alien Torts Claims Act and the Torture Victims Protection Act, and alleging that the defendant made false statements to Korean authorities that led to his arbitrary imprisonment and torture, causing him extreme emotional distress and financial loss.  Defendant moves to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim on which relief can be granted.  This Court cannot assert personal jurisdiction over the defendant.  His motion to dismiss will be granted.

**BACKGROUND**

Plaintiff has been a resident of Virginia since 1980.  Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1.  In 1988, he began publishing a monthly magazine in Seoul, Korea.  In 1992, he was the majority shareholder in the corporation that published the magazine.  Compl. ¶ 1.  In 1992, the magazine ran an article reporting that defendant, who was then a candidate for president

of the Republic of Korea, had a hidden daughter born out of wedlock.  Compl. ¶ 4.  Defamation is apparently a criminal matter in South Korea: defendant complained of libel by defamatory publication on May 4, 1992, and plaintiff, who was then in South Korea, was arrested.  Compl. ¶ 5.  He was interrogated without sleep from 9 p.m. until 5 a.m. the following day.  Three interrogators attempted to coerce a confession from him.  He was hit and kicked repeatedly on his head, chest, and legs.  Compl. ¶ 6, Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1.[1]

      The Seoul District Criminal Court, 4th Division, held a trial that lasted five minutes and then dismissed the case, because it was defendant's wish that charges not be pressed further, Compl. ¶ 9.  After 26 days of imprisonment, plaintiff was released.  Compl. ¶ 10.  Aides of the defendant approached him, offering him a large sum of money if he would retract the article.[2]  Plaintiff refused.  Compl. ¶ 11.  Officials from the Korean Central Intelligence Agency pressured advertisers to stop purchasing advertisements from the magazine, and the Korean Tax Office threatened an audit.  Id.  These actions resulted in large financial losses to the magazine.  Compl. ¶ 12.

---

[1] Plaintiff's factual allegations are taken as true for purposes of a motion to dismiss.

[2] Plaintiff alleges that the report of a hidden daughter was confirmed when another monthly publication, the *Monthly Chosun*, independently confirmed it in March 2005.  Pl.'s Opp'n to Def.'s Mot. to Dismiss at 4.

**ANALYSIS**

In order to determine whether it can assert personal jurisdiction over a non-resident defendant, a court must first examine the reach of the state's long-arm statute and then consider whether the exercise of <u>in personam</u> jurisdiction would offend due process. See <u>GTE New Media Services, Inc. v. Bell South Corp.</u>, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (citing <u>United States v. Ferrara</u>, 54 F.3d 825, 828 (D.C. Cir. 1995)).

Plaintiff relies upon subsection (a)(4) of the D.C. long-arm statute,[3] which reaches a person who causes tortious injury in the District by an act or omission outside the District if 1) he regularly does or solicits business, or 2) engages in any other persistent course of conduct, or 3) derives substantial revenue from goods used or consumed, or services rendered, in the District. Because the harm-generating act alleged in this case occurred outside the District, the statute calls for something more – a "plus factor" – which serves to filter out cases in which the in-forum impact is an isolated event and the defendant otherwise has no, or scant, affiliations with the forum. <u>Id.</u> at 763; see <u>Steinberg v. Int'l Criminal Police Org.</u>, 672 F. 2d 927, 931 (D.C. Cir. 1981).

This defendant has only scant affiliations with the District, and they are plainly insufficient to support the

---

[3] D.C. Code § 13-423(a)(4) (2001).

exercise of personal jurisdiction.  The contacts plaintiff alleges are that he visited the District in September 1985 to meet with political supporters and maintained those contacts for years, that he visited the District "many times to meet with his American friends and political supporters," and that he is now Honorary Chairman of the Committee for Democratization of North Korea, which maintains a branch office in the District.  Pl.'s Opp'n to Def.'s Mot. to Dismiss at 7-8.  Plaintiff does not allege or show that defendant "regularly does or solicits business" in the District of Columbia (politics is not "business" within the meaning of § 423(a)(4), unless perhaps it is conducted criminally, but plaintiff does not make that allegation about defendant's contacts with his political supporters).  Nor does plaintiff allege or show that defendant "derives substantial revenue from goods used or consumed, or services rendered" in the District of Columbia.  He is left only with the claim, which he does make, in conclusory fashion, that defendant "engages in any other persistent course of conduct" here.

      Maintaining non-commercial contact with old friends and supporters is not a "persistent course of conduct."  Even if it were, the inquiry would not stop there.

      Even if maintaining contact with friends were persistent conduct (stalking, perhaps?), the exercise of personal jurisdiction in this case would offend due process.  The

constitutional touchstone for this analysis is whether defendant's conduct and connections with the District are such that he should reasonably anticipate being haled into court here, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985), and whether the defendant has purposely availed himself of the benefits and protections of this jurisdiction so that it is not presumptively unreasonable to require him to defend himself in civil litigation here.  See id. at 475-76 (citing Keeton v. Hustler Magazine, 465 U.S. 770, 774 (1984)).  Plaintiff's claim that defendant purposely directed his activities to the District, Pl.'s Opp'n to Mot. to Dismiss at 8-9, is purely conclusory argument, and unpersuasive.  See Kulko v. Superior Court of California, 436 U.S. 84, 93 (1978).[4]

In some circumstances, Federal Rule of Civil Procedure 4(k)(2) eliminates the need to employ the forum state's long-arm statute.  See Mwani v. Osama bin Laden, 417 F.3d 1, 10 (D.C. Cir. 2005).  This is not one of them.  Under Rule 4(k)(2), a district court can exercise personal jurisdiction (1) for a claim arising under federal law, (2) where a summons has been served, (3) if the defendant is not subject to the jurisdiction of any single state court, and (4) provided that the exercise of federal

---

[4] Defendant's honorary chairmanship adds nothing to plaintiff's argument.  Defendant's personal contacts with the District must be assessed independently from that of the corporation.  See Richard v. Bell Atlantic, 946 F.Supp. 54, 73 (D.D.C. 1996) (citing Calder v. Jones, 465 U.S. 783, 790 (1984)).

jurisdiction is consistent with the Constitution and laws of the United States.  Id.

The first three requirements of the rule appear to be applicable here, but the fourth does not.  The due process analysis is no different under Rule 4(k)(2) than under the D.C. long-arm statute.  The problem remains that this defendant's contacts with the District are not such that he should reasonably anticipate being haled into court here.

An appropriate order will be issued with this memorandum.

                              JAMES ROBERTSON
                        United States District Judge